# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

BONIFACIO SANCHEZ-COBARRUBIAS
a/k/a BONIFACIO SANCHEZ-
COVARRUBIAS, and PABLO RAMOS-
BARRIENTOS, on behalf of themselves
and other similarly situated persons,

    Plaintiffs,

v.

DELBERT C. BLAND, *et al.*,

    Defendants.

Case No. CV609-005

## ORDER

In this farmworker-compensation case[1] the parties have submitted a copious Fed. R. Civ. P. 26(f) Report in which they disagree on a whole host of matters, except for one overarching fact: This case was essentially filed as a hedge against the Court's adverse ruling on plaintiffs' pending

---

[1] The case was filed by two migrant agricultural workers alleged to have been recruited by agents of defendants Delbert C. Bland and Bland Farms, LLC, to work on defendants' onion farms under the H-2A guestworker program in and around Tattnall County, Georgia. Doc. 44 at 1. "H-2A" refers to the U.S. Department of Labor regulatory classification for the "Temporary Agricultural Employment in the United States." 20 CFR § 655.90 (2009). For convenience, the Court will refer to the Bland defendants in the singular form, "Bland."

motion for class-action certification in a parallel (but earlier-filed) case, *Ramos-Barrientos v. Bland*, CV606-089 (S.D.Ga. filed Sep. 25, 2006).[2] Plaintiffs were late in moving for class certification in *Ramos-Barrientos* under this Court's local rules. Their counsel then filed this case in order to circumvent the local rule by seeking class certification and then consolidating the action into *Ramos-Barrientos*. Doc. 48 at 8-9. Plaintiffs' counsel admittedly multiplied litigation to compensate for their oversight (untimely class-certification motion) in *Ramos-Barriento*. Indeed, they literally move the Court to consolidate this case into *Ramos-Barrientos* after the Court grants their class-action certification motion in this case. Doc. 7 at 2-3. Thus, there is no dispute that this a rump case at best, and at worst a vexatious multiplication of litigation to compensate for attorney negligence in *Ramos-Barrientos*. *See* 28 U.S.C. § 1927.[3]

---

[2] A third, related case exists: *David Ojeda-Sanchez v. Bland Farms, LLC*, CV608-096 (S.D.Ga. filed Oct. 31, 2008). No party moves to consolidate that with any other case.

[3] This statute is applied when lawyers vexatiously multiply proceedings:

Under 28 U.S.C. § 1927, the court may require an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously" to pay any excess costs, expenses, or attorney's fees caused by the attorney's conduct. 28 U.S.C. § 1927. We have noted that § 1927 involves three essential requirements: (1) the attorney must engage in "unreasonable and vexatious" conduct, (2) the conduct must "multipl[y] the proceedings," and (3) the amount of the sanction must directly

2

That is *not* the way to practice in this Court. Filing a second-front case merely to compensate for an inadvertence-gap in another drills deeply into bad-faith territory. At a minimum, courts should intervene. Accordingly, this case is stayed pending resolution of the *Ramos-Barrientos* class-action certification motion, and all pending motions are denied without prejudice to renew them post-stay.

**SO ORDERED,** this __22nd__ day of April, 2009.

/s/ B. Avant Edenfield
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

> relate to the excess proceedings. An attorney's conduct "multiplies proceedings" when "it results in proceedings that would not have been conducted otherwise." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir.1997). We have held that an attorney only "unreasonably and vexatiously" multiplies proceedings when the attorney's conduct is so egregious that it is tantamount to bad faith.

*Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2008) (quotes, cites and alterations omitted).

3