# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

BONIFACIO SANCHEZ-COBARRUBIAS a/k/a BONIFACIO SANCHEZ-COVARRUBIAS, and PABLO RAMOS-BARRIENTOS, *on behalf of themselves and other similarly situated persons*,

    Plaintiffs,

v.

DELBERT C. BLAND, *et al.*,

    Defendants.

Case No. CV609-005

## ORDER

In this farmworker-compensation case[1] the Court imposed a stay pending resolution of a class-action certification motion in a related case, *Ramos-Barrientos v. Bland*, CV606-089 (S.D. Ga. filed Sep. 25, 2006).[2]

---

[1] The case was filed by two migrant agricultural workers alleged to have been recruited by agents of defendants Delbert C. Bland and Bland Farms, LLC, to work on defendants' onion farms under the H-2A guestworker program in and around Tattnall County, Georgia. Doc. 44 at 1. "H-2A" refers to the U.S. Department of Labor regulatory classification for the "Temporary Agricultural Employment in the United States." 20 CFR § 655.100 (2011). For convenience, the Court will refer to the Bland defendants in the singular form, "Bland."

[2] A third, related case exists: *Ojeda-Sanchez v. Bland Farms, LLC*, CV608-096 (S.D.Ga. filed Oct. 31, 2008).

Doc. 49. Plaintiffs were late in moving for class certification in *Ramos-Barrientos* under this Court's local rules. *See Ramos-Barrientos,* CV606-089, doc. 209 at 4. So, they filed this case in order to circumvent the local rule by seeking class certification here, then consolidating this action into *Ramos-Barrientos*. *See id.*; *see also* CV609-005 doc. 48 at 8-9; doc. 49, *reported at* 2009 WL 1097247.

In *Ramos-Barrientos* the Court ultimately denied Fed. R. Civ. P. 23 class certification on plaintiff's breach of contract claim, reasoning that they were two years' too late in moving for that. *Ramos-Barrientos,* CV606-089, doc. 209 at 3-5. But it did grant class action certification on other grounds. *Id.* at 2-3. It also continued to stay *this* case until *Ramos-Barrientos* was resolved. It ultimately ruled for the defendants there, and entered a final judgment for them on June 21, 2010. *Id.*, doc. 251.

The Court lifted the stay in this case on January 13, 2011, CV609-005, doc. 57, then directed the parties to file a status report with the Court within thirty days. *Id.* They did so. Doc. 66. But plaintiffs also moved -- unopposed -- to amend their complaint, doc. 59, which is granted. That motion had been stopping the clock on plaintiffs'

2

obligation to timely move for class certification.[3] *See* doc. 63 (consent order extending time for them to comply with L.R. 23.2 until 30 days after the filing of their amended complaint).

That, in turn, has both stalled discovery and complicated the just-filed Status Report. For example, the parties are now requesting that discovery extend "140 days from the date that the Court files an order granting or denying any motion for class certification that the plaintiffs *may* file or renew in this action within the time period required by Local Rule 23.2, SDGa, as that time period may be enlarged by the Court pursuant to timely motion under Rule 6(b)(1)(A), Fed.R.Civ.P." Doc. 66 at 2 (emphasis added). But even that clock does not start until plaintiffs file their amended complaint, doc. 59-1, which is now filed per this

---

[3] Local Rule 23.2 says, in its entirety:

> Certification. Within ninety (90) days after the filing of a complaint in a class action, unless this period is extended on motion and for good cause shown, the plaintiff shall move for certification of the class action under subdivision (c)(1) of Rule 23 of the Federal Rules of Civil Procedure. The Court may allow the case to be maintained tentatively as a class action, may disallow and strike the class action allegations, or may order postponement of the determination pending discovery or other preliminary procedures as appear to be appropriate and necessary under the circumstances. Whenever possible, where it is held that the determination should be postponed, a date will be fixed by the Court for the renewal of the motion.

Local Rule 23.2

ruling. Even at that, the clock is only half-ticking because the discovery period would not begin to run until plaintiffs actually move to certify the class. To move things along, then, plaintiffs are directed to do so within 14 days of the date this Order is served.

Next, defendants seek to limit discovery to that undertaken in *Ramos-Barrientos*, and "do not object to consolidation of discovery that is common between the 2 cases, and for a suitable period of [class-] certification discovery only[,] should the Plaintiffs be granted class certification in this case." Doc. 66 at 3. And if the Court allows any "merits" discovery to proceed,[4] it should be limited, defendants insist, to the legal grounds set forth in doc. 66 at 11, ¶ 11.

---

[4] This itself involves an additional layer of explanation. As plaintiffs explain, they

> pursue individual Fair Labor Standards Act (FLSA) claims under *Arriaga v. Florida Pacific Farms, LLC*, 305 F.3d 1228 (11th Cir. 2002) ("*Arriaga*"), and a Rule 23(b)(3) class action for a cause of action based upon an alleged breach of contract [by the defendants] to pay [them] the adverse effect wage rate ("AEWR") free of any *de facto* wage deductions and an alleged breach of contract to fully reimburse the plaintiffs and the class of H-2A workers they seek to represent for the cost of their inbound travel from Monterrey, Mexico to Laredo, Texas.

Doc. 66 at 4-5. Plaintiffs acknowledge that the Court denied them class action certification in *Ramos-Barrientos* as a sanction for violating L.R. 23.2, doc. 66 at 5-6, but they compute a six-year statute of limitations period for their contract claims, as well as that of other workers they would represent and thus advance the whole bundle of claims in this case. *Id.* at 6-8. The defendants raise no objection to this. Meanwhile, the Court agrees that there shall be no discovery duplicative of that undertaken in *Ramos-Barrientos*, though plaintiffs may conduct discovery of the individual FLSA claims as noted in doc. 66 at 16 ¶ 7 ("Plaintiff's Statement").

4

Plaintiffs agree. Doc. 66 at 6. The Court therefore grants that request and thus trims the discovery period, when it commences, to three months. It also agrees (*see* doc. 66 at 19) that, should the district judge grant the forthcoming class-action certification motion in this case, the same discovery limitations set forth in *Ramos-Barrientos*, CV606-089 doc. 91 at 9-14 & doc. 92, shall apply here.

The parties' request for an "expedited pretrial discovery conference," doc. 66 at 19, is **DENIED**. They shall, within 14 days of the date this Order is served, jointly submit a proposed Scheduling Order consistent with the rulings set forth herein.

Accordingly, the Court **GRANTS** plaintiffs' motion to amend, doc. 59, and directs the parties to submit a proposed Scheduling Order. Plaintiffs shall file their motion to certify the class, if they elect to do so, within 14 days of the date this Order is served.

**SO ORDERED** this 7th day of March, 2011.

/s/ *signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA