UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

GUMECINDO COVARRUBIAS-GUERRERO and PABLO RAMOS-BARRIENTOS, on behalf of themselves and other similarly situated persons,

Plaintiffs,

v.                    6:09-cv-05

DELBERT C. BLAND d/b/a BLAND FARMS, BLAND FARMS, LLC, and DELBERT C. BLAND,

Defendants.

### ORDER

Before the Court is the parties' "Joint Motion for Certification and Conditional Approval of Class Action Settlement." *See* Doc. 161.

The parties seek to certify the following class, in accordance with Rule 23(b)(3), for settlement purposes only:

> All individuals employed pursuant to H-2A visas on the operations of Delbert C. Bland and/or Bland Farms, LLC during the 2005 fall onion planting season, 2006 spring onion harvesting and/or 2006 fall planting seasons, as set out in temporary labor certification applications filed by or on behalf of Delbert C. Bland and/or Bland Farms, LLC, where the individuals traveled directly from Mexico to Bland Farms, as opposed to having traveled to Bland Farms from a different employer within the United States, excluding the named plaintiffs and opt-in plaintiffs in these two cases and in *Ojeda-Sanchez v. Bland Farms, LLC*, Case No. 6:08-cv-86.

Doc. 161 at 1-2. The parties estimate the class consists of no more than 775 persons or "qualifying seasons." *See id.* at 3; Doc. 161-1 at 11.

In deciding whether to certify a settlement class, the Court

> must consider the same factors that it would consider in connection with a proposed litigation class—i.e., all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial

*In re Checking Account Overdraft Litigation*, 275 F.R.D. 654, 659 (S.D. Fla. 2011); *see also Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 619-21 (1997).

This Court has previously denied Plaintiffs' motion for litigation class certification because Plaintiffs failed to satisfy the Rule 23(a) factors, specifically the adequacy of representation requirement. *See* Doc. 100 at 3. Such a finding was based on the Plaintiffs' "grievous inattention to this case over the last two years." *See id.* Moreover, this Court remarked that Plaintiffs' counsel was using the lawsuit to avoid the adverse effect of this Court's denial of class certification in the companion case *Ramos-Barrientos v. Bland Farms, LLC*, 6:06-cv-89. *See id.* at 2.

Because of the Court's prior ruling, the Court seeks persuasion that granting this joint motion is proper and just. Therefore, the Court **ORDERS** the parties to submit a joint brief explaining how class certification for settlement purposes is legally appropriate in light of this Court's prior denial of class certification.

The parties also seek conditional approval of their proposed settlement *See* Docs. 161 at 2; 161-1. "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. June 15, 2010).

"In considering a fee award in the class action context, the district court has a significant supervisory role." *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1293 (11th Cir. 1999). After reviewing the agreement, the Court is concerned with the percentage of the settlement allocated to attorney fees and costs.

Pursuant to the parties' proposed agreement, Defendants would pay $180,000 into a trust account. *See* Doc. 161-1 at 9. The agreement divides the amount as follows: $2,262 to the *Ramos-Barrientos* plaintiffs, $490 to the *Covarrubias-Guerrero* plaintiffs, $37,975 into a settlement fund for payment to the class members, $99,273 for Plaintiffs' two counsel, and an additional $10,000 for the appellate counsel of the *Ramos-Barrientos* plaintiffs. *See id.* at 10-11, 13. Thus, more than sixty (60) percent of the entire settlement is allocated to attorney's fees and costs with Plaintiffs' counsel receiving more than one-half of the entire amount to be allocated to the trust account.

The Court is not convinced that this allocation is warranted. Accordingly, the Court **ORDERS** the parties to brief this issue as well in their joint submission.

## CONCLUSION

The Court **ORDERS** the parties to submit a joint brief within ten (10) days of this order explaining how class certification for settlement purposes is legally appropriate in light of this Court's prior denial of class certification. Additionally, the parties should justify the attorney's fees award, particularly how it was calculated and why it constitutes the majority of the settlement amount.

This 19th day of December 2011.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA