UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

GUMECINDO COVARRUBIAS-GUERRERO and PABLO RAMOS-BARRIENTOS, on behalf of themselves and all other similarly situated persons,

Plaintiffs,

v.                     6:09-cv-5

DELBERT C. BLAND d/b/a BLAND FARMS, BLAND FARMS, LLC, and DELBERT C. BLAND,

Defendants.

### ORDER

On December 19, 2011, after review of the parties' proposed settlement agreement, this Court ordered the parties to submit a joint brief explaining how class certification for settlement purposes is appropriate and why the allocation of attorney's fees is justified. *See* Doc. 162. The parties have submitted their brief. *See* Doc. 164. Now before the Court is the parties' "Joint Motion for Certification and Conditional Approval of Class Action Settlement." *See* Doc. 161.

I.   SETTLEMENT CLASS CERTIFICATION

The parties seek to certify the following class, in accordance with Rule 23(b)(3), for settlement purposes only:

> All individuals employed pursuant to H-2A visas on the operations of Delbert C. Bland and/or Bland Farms, LLC during the 2005 fall onion planting season, 2006 spring onion harvesting and/or 2006 fall planting seasons, as set out in temporary labor certification applications filed by or on behalf of Delbert C. Bland and/or Bland Farms, LLC, where the individuals traveled directly from Mexico to Bland Farms, as opposed to having traveled to Bland Farms from a different employer within the United States, excluding the named plaintiffs and opt-in plaintiffs in these two cases and in *Ojeda-Sanchez v. Bland Farms, LLC,* Case No. 6:08-cv-86.

Doc. 161 at 1-2. The parties estimate the class consists of no more than 775 persons or "qualifying seasons." *See id.* at 3; Doc. 161-1 at 11.

In deciding whether to certify a settlement class, the Court

> must consider the same factors that it would consider in connection with a proposed litigation class—*i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial.

*In re Checking Account Overdraft Litig.*, 275 F.R.D. 654, 659 (S.D. Fla. 2011); *see also Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 619-21 (1997). The parties' briefs provide only a cursory analysis of the Rule 23(a) factors and Rule 23(b)(3).

Rule 23(a) requires a putative class to meet four requirements: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation.

Rule 23 requires a class to be "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). The parties aver that the proposed class consists of hundreds of H-2A workers, *see* Doc. 161 at 3. Thus, the class is sufficiently numerous.

Commonality requires that there be "questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). This is a "relatively light burden" and "does not require that all the questions of law and fact raised by the dispute be common . . . or that the common questions of law or fact 'predominate' over individual issues." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 (11th Cir. 2009) (citation and quotation omitted). "Allegations of a common course of conduct by defendants affecting all class members will satisfy the commonality requirement." *Outten v. Capital Mgmt. Servs., L.P.*, 2010 WL 2194442, at *3 (S.D. Fla. Apr. 9, 2010).

Because "Bland followed the same procedure in reimbursing its H-2A workers for pre-employment expenses throughout the three seasons" and because all claims arising from the reimbursement are raised pursuant to state contract law, the Court concludes that the commonality requirement has been met. *See* Doc. 164 at 4 n.2.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). Typicality is established where "the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984).

The parties put forth the named Plaintiffs, Gumecindo Covarrubias-Guerrero ("Covarrubias-Guerrero") and Pablo Ramos-Barrientos ("Ramos-Barrientos") as the proposed class representatives. *See* Doc. 164 at 5. Based on the record, these individuals' claims are typical of the reimbursement claims of the class as they arise from the same course of conduct: Defendant's failure to reimburse certain pre-employment expenses.

Yet, based on the terms of the parties' agreement and joint motion, Covarrubias-Guerrero and Ramos-Barrientos are excluded from the class to be certified and the settlement agreement awards them twice the amount per season than the agreement awards each class member. *See Holmes v. Cont'l Can Co.*, 706 F.2d 1144, 1147-48 (11th Cir. 1983) (stating that preferential treatment to class representatives raises substantial questions as to the settlement agreement's fairness); *see also Silva-Arriaga v. Texas Express, Inc.*, 222 F.R.D. 684, 687 (M.D. Fla. 2004) (noting that class representative must be a member of the class). Nevertheless, as it is sufficiently clear from the record that the parties wish for the named plaintiffs to serve as class representatives and their claims and the class claims arise from the same conduct on the part of the Defendant, the Court appoints the named plaintiffs, Covarrubias-Guerrero and

2

Ramos-Barrientos, as the representatives of the class designated by the parties.

As for the fourth factor, the Court must be satisfied that "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). This requirement applies to both the named plaintiffs and their counsel. *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1253 (11th Cir. 2003). The adequacy of representation analysis "encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003) (citation and quotation omitted).

This Court previously denied Plaintiffs' motion for litigation class certification because Plaintiffs failed to satisfy the adequacy of representation requirement. *See* Doc. 100 at 3. Such a finding was based on Plaintiffs' "grievous inattention to this case over the last two years." *Id.* The Court did not have to reach the other factors.

The parties have sufficiently ameliorated the Court's concerns regarding adequacy of representation. In previously denying certification, the Court remarked that the named plaintiffs had offered no proof of their familiarity with the case and their responsibilities as class representatives. *See id.* at 4-5. The named plaintiffs subsequently filed affidavits, attesting to their knowledge of their role as class representatives and the claims involved. *See* Docs 106-2; 106-3. Although the Court refused to consider these affidavits on the motion for reconsideration, *see* Doc. 109 at 2, the Court will now consider the affidavits as a basis that the named plaintiffs will adequately represent the class.

Under Rule 23(g), upon certifying a class, the Court must appoint class counsel. "[P]roposed class counsel must demonstrate that he possesses both the experience and qualifications necessary to conduct this litigation." *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *5 (S.D. Fla. June 15, 2010). The Court should consider: "(1) the work counsel has done in identifying or investigating potential claims in this action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class." FED. R. CIV. P. 23(g)(1)(A)(i)-(iv).

Because of the Court's prior rulings regarding counsel for Plaintiffs' inattentiveness in this case and in the companion case of *Ramos-Barrientos v. Bland Farms, LLC,* 6:06-cv-89, the Court declines to appoint Robert J. Willis and Brian Spears as class counsel. *See* Doc. 161-1 at 15.

The parties, in the alternative, propose the appointment of Gregory S. Schell ("Schell") of Florida Legal Services as counsel for the settlement class. *See id.* Schell has served as class counsel in similar cases. *See Rosario-Guerrro v. Orange Blossom Harvesting,* 265 F.R.D. 619, 621, 628 (M.D. Fla. 2010); *Moreno-Espinosa v. J&J Ag Products, Inc.,* 247 F.R.D. 686, 687,

3

690 (S.D. Fla. 2007). Mr. Schell was lead appellate counsel in *Ramos-Barrientos*. *See* Doc. 164 at 3. Thus, he should be well aware of the underlying facts and law.

Accordingly, the Court will appoint Schell as counsel for the settlement class. Schell, however, must file a brief indicating his willingness and ability to adequately serve as class counsel. He must also be properly admitted to appear before this Court.

The Court also recognizes that *Justicia Cruzando Fronteras, Inc.* will serve as the settlement administrator. *See* Doc. 161-1 at 13.

Rule 23(b)(3) requires the Court to determine that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3).

As for the predominance inquiry, "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir. 1997) (quotation omitted).

Defendant's failure to reimburse certain pre-employment expenses to its H-2A workers dominates over individualized issues. Moreover, a class action is the superior method for adjudication of these claims because of the number of potential claimants and the limited, individual monetary amounts involved.

The Court suspends its conditional certification of the proposed class until after Schell's brief indicating his willingness and ability to accept appointment as class counsel. The parties are **ORDERED** to make the necessary changes, if any, to their agreement and proposed notice to mirror the Court's appointment of Schell as class counsel and then to file such revised documents with the Court.

## II. PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

"Judicial review of a proposed class action settlement is a two-step process: preliminary approval and a subsequent fairness hearing." *Smith*, 2010 WL 2401149, at *2. "Preliminary approval is not binding, and it is granted unless a proposed settlement is obviously deficient." *Id.* (quotation removed).

A settlement will be approved so long as it is "fair, adequate and reasonable and is not the product of collusion between the parties." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) (quotation removed). The following factors are considered when determining whether a class settlement's terms are fair, reasonable, and adequate:

(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6)

4

the stage of proceedings at which the settlement was achieved.

*Id.*

The parties contend that the allocation of the majority of the settlement funds to attorney's fees and costs is warranted because of the amount of hours expended by Plaintiffs' counsel on this case and the nature of the claims involved. *See* Doc. 164 at 5-7.

"In considering a fee award in the class action context, the district court has a significant supervisory role." *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1293 (11th Cir. 1999).

Although the Court is not thoroughly convinced of the propriety of allocating any more than 40% of the settlement to attorney's fees, the Court will suspend its final judgment on the matter until the fairness hearing. *See Dalton v. Cardworks Servicing, LLC*, 2010 WL 5341939, at *7 (S.D. Ala. Nov. 19, 2010).

Otherwise, the record demonstrates that the proposed settlement should be preliminarily approved. The parties have stipulated that they reached the agreement through "extensive arms-length negotiations" between counsel. *See* Doc. 161 at 2. As the histories of the heavily contested cases demonstrate, any litigation of the underlying claims will likely involve significant cost, time, and effort. Moreover, the outcome of such litigation is potentially uncertain because of this Court's prior rulings and the recent Eleventh Circuit decision in *Ramos-Barrientos v. Bland*, 661 F.3d 587 (11th Cir. 2011). Therefore, the Court will preliminarily approve the proposed joint settlement agreement as fair and reasonable after Schell's submissions and the parties' revisions, if any, to their agreement. *See* Doc. 161-1.

### III. NOTICE

"To satisfy due process, the notice must be sufficiently informative and give sufficient opportunity for response." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 677 (S.D. Fla. 2006) (quotation removed). Federal Rule of Civil Procedure 23(c)(2)(B) requires notice to class members certified under Rule 23(b)(3). Notice must consist of "the best notice that is practicable under the circumstances." FED. R. CIV. P. 23(c)(B). Moreover, notice:

> must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
>
> (ii) the definition of the class certified;
>
> (iii) the class claims, issues, or defenses;
>
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>
> (v) that the court will exclude from the class any member who requests exclusion;
>
> (vi) the time and manner for requesting exclusion; and
>
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

FED. R. CIV. P. 23(c)(2)(B)(i)-(vii). After reviewing the parties' proposed notice, the

5

Court concludes the attached notice, *see* Doc. 161-2, is sufficiently clear and concise and satisfies Rule 23(c)(2)(B). The parties however will likely need to revise the notice to accommodate the Court's appointment of Schell as class counsel.

### IV. CONCLUSION

The Court will appoint Gregory S. Schell as class counsel upon his filing of a brief accepting such responsibility and demonstrating his willingness and ability to represent the proposed class. Moreover, he must be properly admitted to appear before this Court. The parties are **ORDERED** to make the necessary changes, if any, to their settlement agreement and proposed notice to mirror the Court's appointment of Schell as class counsel and then file such revised documents with the Court.

This 30th day of January 2012.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

6